**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | EV 02-002-CR-01-Y/H |
| ) | 3:06-cv-021-RLY-WGH |
| BRIAN SHAWN DAVIS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Defendant Davis' writ of error coram nobis filed in on December 27, 2005, has been treated as a motion for relief pursuant to 28 U.S.C. § 2255 and assigned the above civil docket number.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

Davis has already filed an action for relief pursuant to 28 U.S.C. § 2255, which reached an adjudication on the merits in No. 3:05-cv-0021-RLY-WGH through final judgment entered on the clerk's docket on February 17, 2005. The present action is another attempt to collaterally challenge the sentence. However, it is presented without authorization from the Court of Appeals to do so. Nothing alleged in the "writ of error coram nobis" exempts the defendant from the requirement of § 2244(b). Accordingly, the action must be dismissed for lack of jurisdiction and the action summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   01/27/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

dockets.Justia.com